IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NANCY C. WALKER, individually
and as Next Friend of
DINESICA WALKER, a deceased minor,

    Plaintiff,

v.                              Civil Action No. 5:08MC15
                                          (STAMP)

BLITZ USA, INC.,
KINDERHOOK INDUSTRIES, LLC,
CRESTWOOD HOLDINGS, INC.
and FRED'S, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION OF JOHN (JERRY) GILLISPIE TO QUASH SUBPOENA AND**
**SETTING CONDITIONS OF DEPOSITION OF JOHN (JERRY) GILLISPIE**

I.  Facts and Procedural History

Currently pending before this Court is a motion filed by John (Jerry) Gillispie ("Gillispie") to quash a subpoena issued by this Court and thereafter served on Gillispie. The subpoena commands Gillispie to appear for a deposition in Weirton, West Virginia on December 5, 2008.[1] According to Gillispie, the plaintiff seeks to take his deposition as an unretained expert in his capacity as an engineer for Eagle Manufacturing Company ("Eagle"), in Wellsburg, West Virginia. Neither Gillispie nor Eagle is a party to this action. Gillispie advises this Court that he has not agreed to

---

[1]Since the filing of the motion, this Court has been advised that the deposition has been rescheduled for December 16, 2008.

serve as an expert witness in this case, nor has been compensated as such.

Gillispie is an engineer with Eagle. He has been designated by the plaintiff in a case brought in the United States District Court for the Northern District of Georgia, Atlanta Division, <u>Walker v. Blitz</u>, Case No. 1:08-cv-0121-ODE, as an unretained expert or lay witness to provide his opinion about the design and manufacture of gasoline storage containers.[2] Pursuant to Federal Rule of Civil Procedure 45, a subpoena was issued through this Court commanding Gillispie to appear for a deposition in Weirton, West Virginia. Gillispie believes that the information the plaintiff seeks to obtain from his deposition testimony pertains to Eagle's products, product development, and testing processes. Neither Gillespie nor Eagle is a party to this action or to previous actions in which Gillespie has been subpoenaed by plaintiff's counsel to provide the same testimony.[3]

---

[2]The case pending in the Northern District of Georgia is a product liability action brought against Blitz USA, Inc. and others. The complaint in that action alleges that a portable gasoline container manufactured by Blitz was defectively designed because it lacked a safety device commonly referred to a "flame arrestor."

[3]Gillispie has previously been deposed as an unretained expert by plaintiff's counsel in two other cases involving allegedly defective gasoline containers. Plaintiff's counsel has also recently served a notice of deposition on Gillispie in a fourth case, <u>Caulder v. Blitz USA, Inc.</u>, Case No. 2:07-cv-387, in the United States District Court for the District of Utah, Northern Division.

Gillispie seeks to quash the subpoena pursuant to Federal Rule of Civil Procedure 45 for the following reasons. First, Gillispie states that he has no specific knowledge of the facts of the case. Second, he is not a retained expert and has not issued and signed any expert report pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Third, the plaintiff seeks an expert opinion which results from his employment by Eagle and which results from Gillispie's knowledge, testing, and study that were not requested by a party. Fourth, although he presented no argument in support, Gillispie asserted in his motion that the plaintiff seeks proprietary or confidential information. Finally, Gillispie argues that compliance with the subpoena will be burdensome because he has been and continues to be subpoenaed to give testimony as an unretained expert in multiple cases brought against Blitz.

In response, the plaintiff contends that Gillispie is an essential witness because he is the only source for information about the technological and economic feasibility of incorporating flame arrestors in the design and manufacture of portable gasoline storage cans. The plaintiff argues that Gillispie is not eligible for relief under Rule 45. In support, the plaintiff observes that Gillispie was provided reasonable time to comply with the subpoena; that the subpoena does not require Gillispie to travel more than 100 miles from his place of employment; that the subpoena does not

require production of privileged or protected matters; and that the deposition will not subject Gillispie to any undue burden.

This Court held a hearing on Gillispie's motion on November 14, 2008. After reviewing the parties' pleadings and relevant law and considering the arguments presented at the hearing on the motion, this Court concludes, for the reasons that follow, that the motion by John (Jerry) Gillispie to quash the subpoena must be denied. However, this Court also concludes that conditions should be specified by this Court governing the taking of Gillespie's deposition.

## II. Legal Standard

Federal Rule of Civil Procedure 45 governs the quashing of a subpoena in a civil action. That rule identifies the circumstances under which the issuing court must quash or modify a subpoena and those circumstances under which the issuing court may do so. Pursuant to Rule 45(c)(3)(A), an issuing court is required to quash or modify a subpoena which:

> (i) fails to allow a reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person [with certain exceptions not pertinent to this action];
> (iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A).

Under Rule 45(c)(3)(B), by contrast, an issuing court is permitted, but not required, to quash or modify the subpoena if compliance with the subpoena would require:

> (i) disclosing a trade secret or other confidential research, development, or commercial information;
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
> (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

Fed. R. Civ. P. 45(c)(3)(B).

In cases where the circumstances permit an issuing court to quash or modify a subpoena, Rule 45 further authorizes such court to specify conditions as an alternative to quashing or modifying the subpoena. Specifically, Rule 45(c)(3)(C) provides:

> In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
> (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
> (ii) ensures that the subpoenaed person will be reasonably compensated.

Fed. R. Civ. P. 45(c)(3)(C).

In sum, pursuant to Rule 45, an issuing court must examine the circumstances surrounding compliance with the subpoena to determine whether the court must modify or quash the subpoena or, alternately, whether it may do so. If the circumstances permit--but do not require--the issuing court to modify or quash the

subpoena, the issuing court may then consider whether to specify conditions as an alternative to modifying or quashing the subpoena.

Thus, in this action, this Court will first examine whether the circumstances mandate or permit quashing or modifying the subpoena. If the circumstances permit this Court to quash or modify under Rule 45(c)(3)(B), then this Court will consider whether to specify conditions as an alternative.

### III. Discussion

As a preliminary matter, the rulings set forth in this opinion and order are not intended in any way to interfere with the clear rights of the presiding judge in the case now pending in the Northern District of Georgia.[4] The rulings in the action before this Court are limited to the authority of a judge in the court from which the subpoena has been issued to rule on a Rule 45 motion.

After reviewing the circumstances of this action, this Court concludes that it is not required to modify or quash the subpoena under Rule 45(c)(3)(A) but that it may do so pursuant to Rule 45(c)(3)(B)(ii). However, rather than quashing or modifying the subpoena, this Court finds that the appropriate course in this case is to specify certain conditions--as provided under Rule 45 (c)(3)(C) for the taking of Gillispie's deposition testimony. Indeed, this is a case that appears to fall directly within the

---

[4]Walker v. Blitz USA, Inc., Case No. 1:08-CV-0121-ODE.

6

reasons why the Judicial Conference of the United States and the Federal Rules Committee amended Rule 45 in 1991 to insert, among other things, the provision in Rule 45(c)(3)(B)(ii) and Rule 45(c)(3)(C).

A.  <u>Quashing or Modifying Not Required</u>

The circumstances of this case do not require this Court to quash or modify the subpoena at issue. The parties do not dispute that the subpoena allows a reasonable time to comply or that the 100-mile rule is implicated, nor does it appear to this Court that compliance would require disclosure of privileged or other protected matter. Although Gillispie's motion mentions proprietary matters, that issue was not discussed to any degree, and Eagle does not seem to have claimed any privilege or protection. In any event, the issue of privilege or protection has not been raised with the specificity required under Rule 45(d)(2)(A). <u>See</u> Fed. R. Civ. P. 45(d)(2)(A). Gillispie has, however, raised the issue of undue burden. As discussed below, this Court believes that the circumstances of this case, including the potential for undue burden upon Gillispie, bring it within this Court's permissive power to modify or quash a subpoena under Rule 45(c)(3)(B) and the power to specify conditions under Rule 45(c)(B)(C).

B.  <u>Quashing or Modifying Permitted</u>

The circumstances of this action probably permit this Court to modify or quash the subpoena pursuant to Rule 45(c)(3)(B)(ii).

7

This subsection authorizes the issuing court to exercise its discretion to quash or modify the subpoena if compliance would require "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party[.]" Fed. R. Civ. P. 45(c)(3)(B)(ii).

For Rule 45(c)(3)(B)(ii) to apply, Gillispie must be an unretained expert. For purposes of ruling on the Rule 45 motion only, this Court finds that Gillispie is an expert within the definition provided by Federal Rule of Evidence 702.[5] He certainly has the background, the training, and the knowledge in a scientific or other field, and it is a field that might assist the triers of fact, either the bench or a jury, to decide an issue. Having found that Gillispie is an expert within the definition of Federal Rule of Evidence 702, this Court further finds that he is an unretained expert. Whether an expert is retained or unretained is determined primarily by whether the expert is required to provide a written report pursuant to Federal Rule of Civil Procedure 26(a)(2). See Fed. R. Civ. P. 26(a)(2). Here, Gillispie has not been requested

---

[5]This ruling does not intend to preempt the trial judge in making a finding as to whether or not Gillispie is an expert, whether or not he is an unretained expert, whether or not his opinion should be allowed in whole or in part, or whether the discovery deposition that he may give or has given is going to be allowed as evidence at trial. Those are all issues that are the prerogative of the trial judge to consider.

8

by a party to conduct a study and provide a written report. Therefore, for purposes of this motion, he is an unretained expert.

As an unretained expert, Gillispie may be protected under Rule 45(c)(3)(B)(ii) from disclosing opinions he holds or information he has if such opinion or information does not describe the specific occurrences in dispute in the underlying action and if he has such information or holds such opinion based upon a study which he conducted but which was not requested by a party. Although the record before this Court suggests that Gillispie's opinion or information generally covers the occurrences which appear to be in dispute, the record is insufficient to allow this Court to conclude that his opinion or information describes specific occurrences in dispute. Because neither party argues otherwise, this Court will proceed on the assumption that Gillispie's opinion or information does not cover specific occurrences in dispute in the underlying action. Further, this Court concludes that the study or studies which form the basis for Gillispie's opinion or information were not conducted at the request of a party in this case. Therefore, this Court may quash or modify the subpoena based upon Gillispie's status as an unretained expert whose information or opinion did not result from a study he conducted at the request of a party and whose opinion or information does not describe the specific occurrences in dispute. However, as discussed below, rather than quashing or modifying the subpoena, this Court finds

9

that it has the authority to specify conditions for compliance with the subpoena and that this course provides the better alternative in this instance.

C.  Specifying Conditions

Although the circumstances of this case probably permit this Court to modify or quash the subpoena under Rule 45(c)(3)(B)(ii), the facts presented clearly warrant applying the alternative under Rule 45(c)(3)(C), that is, specifying conditions for the taking of Gillispie's deposition testimony.  Here, the plaintiff, as the serving party, has shown a substantial need for testimony or information that cannot be otherwise obtained without undue hardship, and has also agreed to provide reasonable compensation to Gillispie. Specifically, counsel for the plaintiff has represented to this Court that the information and opinions Gillispie has concerning flame arrestors in portable gasoline containers are unavailable from any other source.  According to plaintiff's counsel, Gillispie designed and developed the flame arrestors, and has incorporated them into twenty different models of gas containers over a period of twenty-two years.  Consequently, Gillispie probably knows the technological and economic feasibility of incorporating flame arrestors into portable gas containers. Plaintiff's attorney further represented to this Court that no other experts and manufacturers involved in the design and manufacture of portable gas containers were able to identify any

10

entity other than Gillispie's employer, Eagle, which has ever incorporated this type of device into the product at issue in this action. Further, the plaintiff argues that Eagle is the only manufacturer ever to have conducted any testing to determine the efficacy of flame arrestors. The plaintiff also argues that Eagle is the only portable plastic gasoline container manufacturer in the United States that has ever manufactured a gasoline container for consumer use which included a flame arrestor, and advertised it as such, and that Gillispie is uniquely qualified because he possesses information that no one else appears to have.

Counsel for defendant Blitz USA, Inc. confirmed that he was aware of no other manufacturers with a substantially similar type of product as Eagle's flame arrestor. However, he did question whether Eagle had ever represented to the public that its containers had flame arrestors.

In light of the foregoing information, which was presented at the hearing on the motion to quash, this Court finds that the plaintiff, as the serving party, has demonstrated substantial need for the information known to and opinions held by Gillispie relating to the design, development, and manufacture of the flame arrestors incorporated into the portable gas containers manufactured by his employer, Eagle Manufacturing Company. This Court also finds that the plaintiff cannot obtain the same or similar information or opinions without undue hardship. The record

11

before this Court indicates that Gillispie appears to be an expert on a subject about which it is not likely that others are going have knowledge, or at least the same degree of knowledge, or expertise.

As to the requirement that the subpoenaed person receive reasonable compensation, counsel for the plaintiff has previously attempted to compensate Gillispie for his time when Gillispie has been deposed in other cases. Gillispie has refused to accept such compensation in the past. Counsel for the plaintiff has represented to this Court that he will certainly compensate Gillispie for whatever time is required for the deposition. In response, counsel for Gillispie observed that compensating Gillispie does not lessen the harm or burden on his employer because Gillispie's absence from Eagle during the time required for the deposition effectively deprives Eagle of its entire engineering department.

This Court finds that reasonable compensation may be structured to accommodate Gillispie and his employer and that if the parties are unable to agree on what constitutes reasonable compensation in this matter, this Court will consider that issue at the appropriate time. Therefore, the requirement under Rule 45 that the serving party ensure the subpoenaed person be reasonably compensated has been met.

To summarize, this Court finds that the plaintiff has shown substantial need for the information known to and opinions held by Gillispie relating to the flame arrestors incorporated into Eagle's portable gas containers. This Court also finds that the plaintiff cannot obtain similar information or opinions without undue hardship, if such information or opinions could be obtained at all. Finally, based in part upon the conditions that this Court will specify for taking Gillispie's deposition, this Court finds that Gillispie and his employer are ensured of receiving reasonable compensation for Gillispie's compliance with the subpoena.

Accordingly, this Court will permit Gillispie's deposition to be taken and will impose the following conditions: First, Gillispie's deposition shall deal only with the matters, the subjects, and the general types of questions that were addressed in the consolidated deposition attached to the plaintiff's response in opposition to Gillispie's motion to quash the subpoena. Second, the parties shall meet and confer and attempt to agree on reasonable compensation for Gillispie and his employer. If the parties cannot agree on reasonable compensation, they shall promptly inform this Court that they have been unable to reach agreement. Third, the deposition shall be taken at the law office of William E. Watson & Associates, 800 Main Street, Wellsburg, West Virginia, counsel for Eagle. Although the distance between Weirton, West Virginia, which is the location specified in the

subpoena, and Wellsburg, West Virginia, which is the location specified by this Court's order, is minimal,[6] holding the deposition in Wellsburg should relieve Gillispie of a portion of the burden involved in having his deposition taken by reducing the travel time to and from the location where the deposition will be taken. Finally, the time allowed for taking Gillispie's deposition shall be limited to three hours. Although the allocation of time among the parties for questioning Gillispie was discussed generally at the hearing, this Court made no specific ruling on that matter. This Court assumes that the parties can come to an adequate arrangement as to how questioning should be balanced. If the parties are unable to agree, they should bring this matter to this Court's attention.

Returning to the undue burden argument asserted by Gillispie, this Court finds that the conditions specified by this Court for the taking of Gillispie's deposition--particularly the conditions that the deposition be limited in time and topic--minimize the potential burden on Gillispie. Therefore, this Court finds that the taking of Gillispie's deposition does not pose an undue burden upon him which would require this Court to quash or modify the subpoena under Rule 45(c)(A)(3).

---

[6]The distance between Weirton, West Virginia, and Wellsburg, West Virginia, is less than ten miles.

Thus, as set forth above, this Court likely may modify or quash the subpoena but declines to do so. Instead, this Court will specify certain conditions under which Gillispie's deposition shall be taken.

## IV. Conclusion

For the foregoing reasons, the motion by John (Jerry) Gillispie to quash the subpoena served on him by the plaintiff to appear for deposition testimony is DENIED. It is ORDERED that the deposition testimony be taken under the following specified conditions pursuant to Federal Rule of Civil Procedure 45(c)(3)(C):

(1) The subject matter and topics covered in the deposition shall be limited to the general types of questions that were addressed in the consolidated deposition attached to the plaintiff's response in opposition to Gillispie's motion to quash the subpoena;

(2) Reasonable compensation shall be provided to Gillispie and his employer for the time Gillispie requires to comply with the subpoena; the parties shall meet and confer and attempt to agree on reasonable compensation for Gillispie and his employer; if the parties cannot agree on reasonable compensation, they shall promptly inform this Court that they have been unable to reach agreement.

(3) The deposition shall be taken at the law office of William E. Watson & Associates, 800 Main Street, Wellsburg, West Virginia; and

(4) The taking of Gillispie's deposition shall not exceed three hours.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   December 12, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE